ERIC HOLLINGER, FRANK HOLLINGER, MONIKA HOLLINGER, HEIDE HOLLINGER, INFANTS BY THEIR GUARDIAN AD LITEM FRANK HOLLINGER, FRANK HOLLINGER, INDIVIDUALLY, AND GISELA HOLLINGER AND FRANK HOLLINGER, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. SHOPPERS PARADISE OF NEW JERSEY, INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 5, 1976—Decided June 21, 1976.

Before Judges ALLCORN, KOLE and ARD.

*Mr. Albert L. Cohn* argued the cause for appellants (*Messrs. Cohn & Lifland,* attorneys; *Mr. Daniel Crystal* on the brief).

*Mr. Thomas J. Osborne, Jr.,* argued the cause for the respondent (*Messrs Vaccaro, Osborne & Curran,* attorneys; *Mr. Charles A. Becker, Jr.* on the brief).

PER CURIAM. The judgment of the trial court is affirmed substantially for the reasons set forth in the comprehensive opinion of Judge Rosenberg.

In analyzing the various approaches to the trichinosis problem it should be remembered that the cases fall into three basic categories: (1) pre-cooked pork products; (2) restaurant consumption of pork, and (3) pork products intended to be cooked by the retail purchaser before consumption. It is the last category that presents itself in this case.[1]

Counts one and two of the amended complaint are sounded in strict liability in tort and breach of warranty, respectively.

---

[1]Different conditions apply where a plaintiff unknowingly buys meat containing pork. *Mouren v. The Great Atlantic and Pacific Tea Co.,* 139 *N. Y. S.* 2d 375 (Sup. Ct. 1955), judgment modified insofar as awards were excessive, 1 *App. Div.* 2d 767, 148 *N. Y. S.* 2d 1 (App. Div. 1956) ; aff'd as mod. 1 *N. Y.* 2d 884, 154 *N. Y. S.* 2d 642, 136 *N. E.* 2d 715 (Ct. App. 1956).

Although, as stated in *Cintrone v. Hertz Truck Leasing, etc.,* 45 *N. J.* 434, 457 (1965), the cause of action may be stated more aptly in terms of strict liability in tort, the underlying theory in a case of this type is breach of implied warranty of fitness. The difficulty arises when the nature of raw pork is considered. Since trichinae are, in a sense, natural to pork products, the warranty of fitness is not that the pork offered for sale is free of trichinae, but rather that it is edible after proper cooking. No retailer is selling raw pork to a consumer with a warranty that makes the retailer's liability dependent upon a jury evaluation of the consumer's method of cooking the pork. This is our underlying reason for rejecting the Massachusetts rule expressed in *Holt v. Mann,* 294 *Mass.* 21, 200 *N. E.* 403 (Sup. Jud. Ct. 1936). It is a scientific fact that the thorough cooking of a pork product to a temperature of 137° F. kills trichinae, and it is that condition upon which the retailer bottoms his warranty. This minimum standard is neither onerous nor impractical. The overwhelming majority of cooks routinely cook pork thoroughly, notwithstanding their lack of knowledge of the "magical" 137° F. Considering the fact that the boiling point of water is 212° F, it is readily apparent that this minimum cooking requirement for pork is not too stringent. We deem the approach to this problem as expressed in *Nicketta v. National Tea Co.,* 338 *Ill. App.* 159, 87 *N. E.* 2d 30 (App. Ct. 1949), to be consistent with universal common knowledge of the properties of pork as well as being the fairer and more sensible rule.

It should further be noted that the record in this case provides no unique factual setting nor any scientific, statistical or commercial information of sufficient breadth and depth for this court to presently consider other alternatives — *e. g.,* written warnings to retail purchasers of pork — based upon social conisderations of health or consumer protection.

Affirmed.